■ Mary K. Halpern, Appellant, v. John Hancock Mutual Life Insurance Company, Respondent.—Order and judgment (one document) unanimously reversed on the law and facts, with costs, and plaintiff's motion granted. Memorandum: Interpretation of a group insurance policy purchased by an

individually owned pharmacy for protection of employees is involved in this case. The policy defines "Contributing Employer" as "an Employer who contributes to the Group Insurance Fund of the Pharmaceutical Society State of New York, Inc."; and "Employee" as including "each individual proprietor or partner, active officer of Corporations and each employee of a Contributing Employer for the purposes of insurance hereunder, provided that he is actively engaged in and devotes a substantial part of his time to the conduct of the business of the Contributing Employer." Defendant acknowledges that Julius Halpern, as proprietor of the Halpern Pharmacy, was an employee covered by the policy; that he discontinued work because of total disability and that thus his employment was deemed to continue for purposes of insurance coverage; and that the policy remained in force through July 1, 1965 when Mr. Halpern sold the Pharmacy to one Sterin. Defendant thereupon canceled Halpern's insurance under the policy, although the Pharmacy under Sterin's ownership continued the group insurance for its employees. Defendant's assertion that Mr. Halpern's insurance interest ceased upon his sale of the Pharmacy is based upon its contention that the Halpern Pharmacy was not the contributing employer, but that Mr. Halpern personally was the contributing employer, and that he ceased to employ himself when he sold the Pharmacy, and that his successor Sterin did not employ him. This is an unwarranted construction of the policy by the defendant in favor of itself as its draftsman. Since "a contributing employer" is an employer who contributes to the group insurance fund, and an "employee" is one actively engaged in "the business of the contributing employer", and an "employee" includes a proprietor, the only fair interpretation of the policy is that the Pharmacy is the contributing employer. Defendant admits that after Julius Halpern became disabled and while he still owned the Pharmacy, the policy continued to cover him. After the sale the Pharmacy continued to contribute to the group insurance fund, and thus under the policy Julius Halpern remained a disabled employee. It must be held, therefore, that the insurance coverage on Julius Halpern continued. In any event, defendant having failed specifically to provide for the fact situation which occurred in this case, it should not be permitted to claim the benefit of any ambiguity. (Appeal from order and judgment of Erie Special Term dismissing complaint.) Present — Marsh, J. P., Witmer, Moule and Bastow, JJ.